BEEZER, Circuit Judge:
Both parties appeal from a decision of the Bankruptcy Appellate Panel (“BAP”) reversing an order of the bankruptcy court and remanding for further factual findings. 67 B.R. 469. We vacate the decision of the BAP and remand to the bankruptcy court for further factual findings.
FACTS
Before 1985, Caravansary Ltd., a predecessor of appellant Caravansary, Inc., leased business premises on Sutter Street in San Francisco. The twenty-fourth numbered paragraph of the lease provided that “Lessee shall make certain proposed repairs.” Caravansary Ltd. made no such repairs.
In 1985, Caravansary Ltd. filed a petition for relief under Chapter 11. As part of the reorganization, appellant Caravansary Inc. (“Caravansary”) moved to assume the lease of the Sutter Street property. According to 11 U.S.C. § 365, a trustee may assume an unexpired lease of the debtor, provided the trustee can give adequate assurances that past defaults will be cured and future defaults prevented.
*1414 Before the bankruptcy court, the parties stipulated that the repairs clause of the lease was too vague to be enforceable under the California statute of frauds and that extrinsic evidence could not be used to supplement the lease language. The court accepted these stipulations and then granted Caravansary’s motion to assume the lease, reasoning that California courts will construe lease provisions as separable “covenants” to avoid forfeiture of an entire lease, and that the repairs clause in the Sutter Street lease could be so construed.
On appeal to the BAP, the parties again agreed that the repairs clause was unenforceable because of the statute of frauds. Greatly to the parties’ surprise, the BAP rejected the analysis of the bankruptcy court, saying that “the parties misled the bankruptcy judge when they agreed that the statute of frauds applied to Paragraph 24 of the lease. They put the cart before the horse. To apply the statute of frauds, you must first have an agreement.” The BAP reversed and remanded for a factual determination of whether the parties made an agreement concerning repairs at all. The BAP then went on to suggest legal consequences for each possible determination.
ANALYSIS
Under 28 U.S.C. § 158(d), this court has jurisdiction to hear appeals from final decisions of the BAP.[1] The rule in this circuit is that a decision of the BAP affirming or reversing a final order of the bankruptcy court is itself final. In re Stanton, 766 F.2d 1283, 1287 (9th Cir.1985) (citing In re Sambo’s Restaurants, Inc., 754 F.2d 811, 814 (9th Cir.1985)). On the other hand, “when the BAP remands for further factual findings related to a central issue raised on appeal, that order is not final, and we lack jurisdiction.” Id. (citing In re Martinez, 721 F.2d 262, 265 (9th Cir.1983)) (emphasis in original). The Stanton court suggested two circumstances in which a remand could be appealed:
If the BAP remanded for fact-findings, but the case involved a central legal issue, the resolution of which would dispose of the issues raised and obviate the need for the fact-finding, that might be an instance in which we could and perhaps should take jurisdiction.
Similarly, if the case presented a central legal issue, the resolution of which would materially aid the disposition of the case on remand, that too might be an instance when this court should take jurisdiction.
In re Stanton, 766 F.2d at 1288 n. 8. The purpose of these rules is to preserve the trial court’s role as the finder of fact. Id. at 1287. This distinction of functions saves judicial time and resources. Id.; In re Sambo’s Restaurants, Inc., 754 F.2d at 814-15.
In this case, the BAP remanded to the bankruptcy court for findings of fact and made certain legal suggestions. We accept jurisdiction to point out that those suggestions were premature given the incomplete record in this case. Largely because the parties were so eager to stipulate to conclusions of law, neither the bankruptcy court nor the BAP had the benefit of an adversarial proceeding concerning (1) the understandings of the parties concerning the repairs clause, (2) the admissibility and effect of extrinsic evidence concerning the repairs clause, and (3) whether the contract is an integrated contract.[2] Accordingly, we vacate the BAP’s decision and remand to the bankruptcy court for further proceedings and for factual findings on these questions, *1415 as well as a de novo consideration of the applicable law.[3]
VACATED and REMANDED.

. Another condition on jurisdiction is that the original decision of the bankruptcy judge was final. See In re Stanton, 766 F.2d 1283, 1285 (9th Cir.1985). The parties have not briefed this issue, but the record indicates that the bankruptcy judge’s order was final according to the "pragmatic” test of finality used in this circuit. See In re Mason, 709 F.2d 1313, 1318 (9th Cir. 1983).

. Neither the bankruptcy court nor this court is bound by the parties’ stipulations as to matters of law. See United States v. Miller, 812 F.2d 543, 546-47 (9th Cir. 1987) (citing Swift & Co. v. *1415 Hocking Valley Ry. Co., 243 U.S. 281, 289, 37 S.Ct. 287, 289, 61 L.Ed. 722 (1917)).

. Because we have vacated the opinion of the BAP, the bankruptcy court should make its own findings and its own legal conclusions, applying the law to this case as it perceives the law to be.