959 F.2d 244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re ZODIAC INVESTMENT, INC., Debtor.
Glen NELSON, Trustee for Zodiac Investment, Inc., Appellant,
v.
CALIFORNIA POZZOLAN; Edward Scharf, Appellees.
 No. 90-16647.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1991.
Decided March 31, 1992.
 
 Before WILLIAM B. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case considers whether a transfer of mining claims in anticipation of a merger agreement produces a joint venture if the parties never conclude their merger agreement and the transferee works the claims. The Bankruptcy Appellate Panel (BAP) reversed the bankruptcy court's judgment, which was predicated on the existence of a joint venture. Glen Nelson, trustee for Zodiac Investment, Inc. (Zodiac), appeals the BAP's reversal.
 
 
 3
 * This case has seen years of litigation and numerous bankruptcy court orders attempting to allocate the ownership of the pozzolan and pumice claims at issue. Without getting bogged down in detail, it suffices to say that both Zodiac and Cal Pumice, successor to California Pozzolan, come before us with less than clean hands. The transfer undergirding this case had as its objective the defrauding of Zodiac's creditors.
 
 
 4
 Zodiac transferred pozzolan claims. Cal Pumice mined pumice. Bonnie Osuna temporarily halted Cal Pumice from mining pumice. Cal Pumice resumed mining pumice after purchasing Osuna's claims. Predicated roughly upon these facts, the bankruptcy court fashioned a joint venture between Zodiac and Cal Pumice as an equitable remedy.
 
 
 5
 The BAP looked to the legal requirements for creating a mining partnership in California to determine that no joint venture existed. It reversed the bankruptcy court's judgment allocating joint venture profits since December 11, 1986. The BAP's memorandum opinion and judgment do not address any of the bankruptcy court's orders requiring the parties to convey title to mining claims.
 
 II
 
 6
 "[A] federal court must determine sua sponte its proper jurisdiction." Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.), 761 F.2d 1374, 1377 (9th Cir.1985). We have jurisdiction over a bankruptcy appeal when the decisions of both the bankruptcy court and the BAP are final. 28 U.S.C. § 158(d); Zolg v. Kelly (In re Kelly), 841 F.2d 908, 911 (9th Cir.1988); King v. Stanton (In re Stanton), 766 F.2d 1283, 1285 (9th Cir.1985). A BAP renders a final order when it affirms or reverses a bankruptcy court's final order. If the BAP remands for factual determinations on a central issue, its order is not final and this court lacks jurisdiction to review it. Kelly, 841 F.2d at 911; Stanton, 766 F.2d at 1287. Because the BAP reversed the bankruptcy court's final judgment and identified no factual issues requiring determination on remand, we have jurisdiction.
 
 III
 
 7
 Zodiac claims that the BAP should not have reversed the bankruptcy court's imposition of a joint venture because it did not have the full record before it. Thus, the BAP could not tell that the bankruptcy court had clearly erred. Zodiac discounts the importance of oral argument by making such a claim.
 
 
 8
 Before the BAP, Zodiac conceded that "the only evidence supporting the existence of the joint venture is the agreements of November 24, 1981, and January 25, [sic] 1982." California Pozzolan, Inc. v. Zodiac Investment (In re Zodiac Investment), No. NV-89-1438-RPV, memorandum op. at 17 (Bankr. 9th Cir. Oct. 11, 1990) (Perris, Bankr.J., concurring) (ER 32); see also id. at 11 (majority opinion) (ER 26). Zodiac now purports to have unearthed extensive additional evidence not considered by the BAP. We refuse to consider evidence not considered by the BAP because of an express representation at oral argument.
 
 
 9
 Reviewing the BAP's decision in light of the record it considered, we adopt the BAP's reasoning and result. See id. at 8-14 (ER 23-29).
 
 IV
 
 10
 The BAP's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3