78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ronald GOTTSCHALK, Debtor.
TRON & WHITE, Appellee,
v.
Ronald GOTTSCHALK, Appellant.
 No. 95-55059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1996.*
Decided Feb. 27, 1996.
 
 Before: BEEZER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. FACTS AND PROCEEDINGS BELOW
 
 2
 Appellee Tron & White began serving as Debtor-Appellant Ronald Gottschalk's bankruptcy counsel in August 1991. On June 10, 1993, Tron & White filed its final (and only) application for fees and expenses incurred as bankruptcy counsel. After a hearing, held on June 30, 1993, the bankruptcy court denied the fee application because it was filed after the deadline established by the confirmed reorganization plan.
 
 
 3
 Tron & White timely appealed to the Bankruptcy Appellate Panel ("BAP"), which reversed and remanded "for a hearing on excusable neglect, and, if necessary, a hearing on the merits of the fee application" because "[t]he bankruptcy court's refusal to treat the fee application as a motion for enlargement of time under Bankruptcy Rule 9006(b)(1) was an abuse of discretion." In the process, the BAP also denied three motions to dismiss the appeal filed by Gottschalk. Gottschalk appeals from the BAP's denial of his three motions and its disposition on the merits. We conclude that we have jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm the decision of the BAP.
 
 II. DISCUSSION
 A. Jurisdiction
 
 4
 Under 28 U.S.C. § 158(d), this Court has jurisdiction to hear appeals "from all final decisions, judgments, orders, and decrees" entered by a bankruptcy appellate panel on appeal from a bankruptcy court. We must consider whether the BAP's decision reversing the bankruptcy court's order and remanding for a hearing on "excusable neglect" amounted to a "final" decision under § 158(d).
 
 
 5
 Because the additional appellate level prescribed by § 158 is unique to bankruptcy, the finality standard of § 158(d) is more liberal than 28 U.S.C. § 1291 and is to be applied pragmatically. In re Bonner Mall Partnership, 2 F.3d 899, 903-04 & n. 10 (9th Cir.1993), cert. granted, 114 S.Ct. 681, appeal dismissed, 115 S.Ct. 386 (1994); In re Stanton, 766 F.2d 1283, 1285-86 (9th Cir.1985).
 
 
 6
 Cases applying the standard hold that if the BAP (or district court) affirms or reverses a final bankruptcy court order, its order is final. Bonner Mall, 2 F.3d at 904. The difficult issue arises when the BAP reverses a final order of the bankruptcy court and remands for further factual findings. In such a circumstance finality is determined by balancing the policies of avoiding piecemeal litigation, promoting judicial efficiency, preserving the bankruptcy court's role as the finder of fact, and avoiding irreparable harm to the substantive rights of the party that lost below. Id. at 904 & n. 12. Cases applying these factors have found jurisdiction lacking when the BAP remands for further factual findings related to a central issue raised on appeal unless the issue on appeal is legal in nature and its resolution either (1) could dispose of the case and obviate the need for factfinding; or (2) would materially aid the bankruptcy court in reaching its disposition on remand. Id. at 904.
 
 
 7
 The BAP in this case reversed the bankruptcy court's order denying Tron & White's fee application and remanded for a hearing on whether the late filing was the result of "excusable neglect." However, although this qualifies as a remand for further factual finding related to a central issue on appeal, jurisdiction exists under § 158. Unlike those cases finding jurisdiction lacking, e.g., Stanton, 766 F.2d at 1288; In re Martinez, 721 F.2d 262, 264-65 (9th Cir.1983), this case presents only one issue on appeal: whether the bankruptcy court abused its discretion by failing to fully consider the appropriateness of allowing an enlargement of time to file the fee request. If we were to disagree with the BAP and find that the bankruptcy court's order was not an abuse of discretion, the case would be over and there would be no need for further factfinding. Moreover, even if we were to agree with the BAP, there is no danger of piecemeal litigation or interfering with the bankruptcy court's role as factfinder. In sum, jurisdiction exists because "the issue on appeal is legal in nature and its resolution ... could dispose of the case ... and obviate the need for factfinding." Bonner Mall, 2 F.3d at 904.
 
 B. Merits
 1. Disposition
 
 8
 After the time allowed for the performance of an act has expired, Bankruptcy Rule 9006(b)(1) allows a bankruptcy court, in its discretion, to enlarge the time retroactively upon motion of the delinquent party "where the failure to act was the result of excusable neglect." In Pioneer Investment Services, the Supreme Court held that the determination of what type of neglect will be considered "excusable" under Rule 9006(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 113 S.Ct. at 1498. Factors to consider include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.; see also In re Dix, 95 B.R. 134, 138 (9th Cir.BAP 1988).
 
 
 9
 Although Tron & White did not file a formal motion to enlarge the time required for filing their fee application, the late filed application itself should have been treated as a motion for extension of time under Rule 9006. See In re Williamette Timber Systems, Inc., 54 B.R. 485, 487 (Bankr.D.Or.1985) (treating late-filed fee application as motion for enlargement of time). In its reply brief in support of its fee application, Tron & White expressly requested the court to consider its fee application as a motion for enlargement of time "should the Court deem such a request necessary," and even cited to Williamette. If the bankruptcy court failed to consider the fee application as a motion for enlargement, the BAP was correct in ruling that the bankruptcy court abused its discretion.
 
 
 10
 Upon reading the transcript of the June 30, 1993 hearing, it is not entirely clear that the bankruptcy court failed to consider the fee application as a motion for enlargement of time. However, even if the bankruptcy court did treat the fee application as a motion for enlargement, it is evident that the bankruptcy court failed to consider "all relevant circumstances surrounding [Tron & White's] omission," as is required under Pioneer Investment Services. Therefore, remand is appropriate for a proper consideration of all relevant circumstances.
 
 2. Gottschalk's Motions
 
 11
 Gottschalk filed three motions to dismiss the appeal in the BAP. The first, filed December 23, 1993, sought to dismiss the appeal for lack of standing because Tron & White had themselves drafted the plan of reorganization that established the bar date for filing of fee requests. The second, filed May 3, 1994, sought to dismiss the appeal for lack of jurisdiction, arguing that the bankruptcy court's order extending the time for the filing of Tron & White's notice of appeal was ineffective. The third, filed October 7, 1994, sought to dismiss the appeal because Tron & White had "unclean hands." All three motions were summarily denied by the BAP. Because all three motions are without merit, we affirm the BAP's denial of these motions.
 
 
 12
 C. Tron & White's "Cross-Appeal"
 
 
 13
 Appellee Tron & White seeks to modify the judgment of the BAP, arguing that they were entitled to an extension of time as a matter of law. However, because Tron & White did not file a cross-appeal from the judgment of the BAP, these arguments are not properly considered. Engleson v. Burlington Northern R. Co., 972 F.2d 1038, 1041 (9th Cir.1992). Even if they were properly considered, the issue of "excusable neglect" is appropriately left to the bankruptcy court in the first instance.
 
 
 14
 D. Tron & White's Request for Attorneys' Fees
 
 
 15
 Because Gottschalk's brief, while largely incoherent and unsubstantiated, seeks mainly to defend a ruling of the bankruptcy court and is not frivolous, Tron & White's request for fees is denied.
 
 III. CONCLUSION
 
 16
 We affirm the BAP's decision reversing the order of the bankruptcy court and remanding "for a hearing on excusable neglect, and, if necessary, a hearing on the merits of the fee application." We also affirm the BAP's denial of Gottschalk's three motions to dismiss. Tron & White's request for fees is denied.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3