86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re The RIDGE II, a California Limited Partnership, Debtor.
Richard A. MARSHACK, Bankruptcy Trustee for the Estate of
The Ridge II, a California Limited Partnership,
Plaintiff-Appellant,
v.
MESA VALLEY FARMS, L.P., a California Limited Partnership;
Worldwide Finance & Mortgage Corporation, an Illinois
Corporation; Robert Wenz, Harry J. Burk; Margaret T. Burk;
Bruce A. McCandless; Jane McCandless; Chance A. "Arleigh"
Beane; Merrick Consultants, Ltd.; a California
Corporation; Windsor Investment Company, an Unknown Entity;
Horace Lee Walters, aka Lee Walters, Defendants-Appellees.
In re The RIDGE II, Debtor.
Richard A. MARSHACK, Appellant/Cross-Appellee,
v.
MESA VALLEY FARMS, L.P.; Worldwide Finance & Mortgage
Corporation, Harry J. Burk; Margaret T. Burk;
Bruce A. McCandless, et al.,
Appellees/Cross-Appellants.
 Nos. 94-56300, 94-56410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided May 29, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We exercise jurisdiction in this case, under the pragmatic approach we have adopted in In re Stanton, 766 F.2d 1283, 1285 (9th Cir.1985), and In re Bonner Mall Partnership, 2 F.3d 899, 903 (9th Cir.1993), cert. granted, 114 S.Ct. 681, dismissed as moot but appellate opinion not vacated, 115 S.Ct. 386. Although the district court remanded, we exercise jurisdiction because resolution of the issues of law at this time will dispose of the case and obviate any need for fact finding. Bonner, 2 F.3d at 904 & n. 13; In re United Ins. Management, Inc., 14 F.3d 1380, 1384 (9th Cir.1994).
 
 
 3
 Appellant argues that the 1983 creation of the limited partnership was defective because the certificate was not filed in the county of the limited partnership's principal place of business and did not contain all of the signatures and other information required by the Uniform Limited Partnership Act, which was in effect in California in 1983. Cal.Corp.Code § 15502(1)(a), (1)(b).
 
 
 4
 We assume without deciding that the failure to record in Orange County prevented operation of the "conclusive presumption of validity under § 15502(4). The limited partnership was still entitled, under the old law, to the application of § 15502(2), which provides that "[a] limited partnership is formed if there has been substantial compliance in good faith with the requirements of [§ 15502(1) ]." This case is distinguishable from Tiburon Nat'l Bank v. Wagner, 71 Cal.Rptr. 832, 837 (Ct.App.1968), because in that case, no certificate was recorded, but in this case, one was, albeit with the Secretary of State and in another of the counties where the limited partnership did business.
 
 
 5
 Even if the limited partnership was not saved by the "substantial compliance" provision in § 15502(2), it was saved by the California Revised Limited Partnership Act, which became effective on July 1, 1984. See Cal.Corp.Code § 15714. The record includes a copy of Ridge II's certificate of limited partnership, which the Secretary of State duly certifies was filed on July 9, 1984. That is after the effective date of the Revised Limited Partnership Act. This certificate was proper and sufficient under § 15621(a) of the Revised Limited Partnership Act. It included all signatures and other information required by the new Act. Under the new Act, the event that marks the formation of a limited partnership is the filing of a certificate conforming with § 15621(a). Cal.Corp.Code § 15621(a), (b). This duly certified certificate filed under the new Act is "[f]or all purposes ... conclusive evidence of the formation of a limited partnership and prima facie evidence of its existence." Cal.Corp.Code § 15621(c).
 
 
 6
 Appellant argues that the participation in management of the limited partnership by some of the limited partners turned them into general partners. But appellant cites no statutes or precedents for the proposition that such participation would have that affect. The only relevant provision of law we can find is at § 15632(a) of the California Corporate Code, subjecting a limited partner to general partner liability if the limited partner "participates in the control of the business." That provision, however, requires more than mere participation to establish liability. A limited partner who participates in management is liable "only to persons who transact business with the limited partnership with actual knowledge of that partner's participation in control and with a reasonable belief that the partner is a general partner at the time of the transaction." Id. There was no evidence in the record from which it could have been inferred that the limited partners were liable under this provision.
 
 
 7
 The limited partners cross-appeal on the ground that the district court should not have remanded to determine whether the bankruptcy estate had an equitable interest in certain lands owned by the limited partners because they had entered into a joint venture with the Ridge II. We conclude that there was no genuine issue of fact because there was no evidence in the record which would have enabled a jury to infer that a joint venture was formed. The evidence presented went only to cooperation in management. There was no evidence of an agreement to share profits and losses, and there must be "an understanding to share profits and losses" for there to be a joint venture. April Enterprises, Inc. v. KTTV, 195 Cal.Rptr. 421, 427 (Ct.App.1983).
 
 
 8
 The district court's decision affirming the bankruptcy court decision that the Mesa defendants are not liable as general partners to the estate is AFFIRMED. The district court decision remanding the joint venture issue to the bankruptcy court is REVERSED. The bankruptcy court decision should be AFFIRMED in its entirety and the Mesa defendants granted judgment as a matter of law.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3