MEMORANDUM *
On November 8, 2001, Condor and its wholly-owned subsidiary, CEI Systems, (collectively the “Debtors”), filed for chapter 11 bankruptcy protection. Shortly thereafter, John L. Taft and Robert E. Young, II (the “Former Officers”) filed proofs of claim against Condor’s estate for severance pay and other benefits arising from the termination of their employment contracts with Condor. The Debtors objected to the claims arguing, inter alia, that the Former Officers’ draws under letters of credit procured by Condor to satisfy[1] its severance obligation to the Former Officers reduced their allowed claims to zero pursuant to 11 U.S.C. § 502(b)(7). In response, Mr. Taft tried to withdraw his proof of claim, and Mr. Young tried to withdraw his claim for severance pay and amend his other claims.
Without ruling on whether the Former Officers could withdraw some or all of their claims, the bankruptcy court sustained the Debtors’ objections to the Former Officers’ claims. The Debtors then filed adversary complaints against the Former Officers seeking to recover the severance payments the Former Officers received allegedly in excess of the § 502(b)(7) cap. Before these adversary complaints could be resolved, the BAP reversed the bankruptcy court’s order, holding that neither prepetition severance payments nor pre- and postpetition draws on a letter of credit affect the § 502(b)(7) cap. The BAP remanded for a determination of the amount of the Former Officers’ claims *799 as of the petition date, the amount of the § 502(b)(7) caps on those claims, whether the Former Officers should be allowed to withdraw some or all of their claims, and whether Mr. Young’s claim under his consulting agreement with Condor is covered by the § 502(b)(7) cap.
Condor and the Official Committee of Unsecured Creditors have appealed from the BAP’s decision to this Court. We dismiss for lack of jurisdiction because the BAP’s order remanding the case to the bankruptcy court is not a final order.
I
We have jurisdiction over appeals “from all final decisions, judgments, orders, and decrees” entered by a district court or the BAP on appeal from a bankruptcy court. 28 U.S.C. § 158(d). For this Court to assert jurisdiction under § 158(d), the orders of both the BAP and the bankruptcy court must be final. King v. Stanton (In re Stanton), 766 F.2d 1283, 1285 (9th Cir. 1985). The bankruptcy court’s order sustaining the Debtors’ objections to the Former Officers’ claims was a final order, and the BAP properly asserted jurisdiction pursuant to 28 U.S.C. § 158(b). See Garner v. Shier (In re Garner), 246 B.R. 617, 619 (9th Cir.BAP 2000) (noting that BAP has “appellate jurisdiction over the final order determining an objection to [a] claim”). Thus, we must determine whether the BAP’s order remanding this case to the bankruptcy court is a final order under § 158(d).
An order by the BAP remanding a matter to the bankruptcy court for further “factual findings related to a central issue raised on appeal” ordinarily is not final. Scovis v. Henrichsen {In re Scovis), 249 F.3d 975, 980 (9th Cir.2001). Because of the unique nature of bankruptcy proceedings, however, we apply a pragmatic approach to determining the finality of a BAP remand order, balancing four policy considerations: “(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving the bankruptcy court’s role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm.” Id.
All of these factors weigh against asserting jurisdiction in this case. With respect to the first consideration, “asserting appellate jurisdiction over this case at this time would present classic problems caused by piecemeal litigation.” Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.), 81 F.3d 103, 107 (9th Cir.1996). The Debtors filed adversary complaints against both Former Officers seeking recovery of the payments they received allegedly in excess of the § 502(b)(7) cap after the bankruptcy court sustained the Debtors’ objections to the Former Officers’ claims. Affirming the BAP would dispose of the adversary complaint against Mr. Young, but the Debtors’ adversary complaint against Mr. Taft would survive because that complaint also alleges that he is liable as the beneficiary of a preferential transfer. This contention is distinct from the legal issue raised by this appeal and, regardless of how this court might rule on it, it must first be adjudicated by the bankruptcy court and may be subsequently appealed.
Likewise, reversing the BAP would not resolve the legal issues raised by the Debtors’ adversary complaints. The complaints assert that the payments the Former Officers received in excess of the § 502(b)(7) should be returned to the estate on an “unjust enrichment” theory pursuant to 11 U.S.C. § 105(a). Even if we agreed with the Appellants’ construction of § 502(b)(7), the bankruptcy court would still need to address the unjust enrichment claim. *800 That decision, in turn, would likely be appealed to this court.
Additionally, the BAP remanded to the bankruptcy court for a determination of whether Mr. Young’s claim under his consulting agreement is subject to the § 502(b)(7) cap. Regardless of how this Court might construe § 502(b)(7)’s application to Mr. Young’s draws on his letter of credit, the bankruptcy court must decide whether Mr. Young’s claim under his consulting agreement is subject to the § 502(b)(7) cap. The bankruptcy court’s resolution of this issue will likely be appealed to this Court.
The second factor, judicial economy, also strongly weighs against asserting jurisdiction in this case. Before the bankruptcy court sustained the Debtors’ objections to their claims, Mr. Taft sought to withdraw his severance claim and Mr. Young sought to withdraw the cash portion of his severance claim. If the bankruptcy court on remand allows the Former Officers to withdraw these claims against the estate, the central issue raised by this appeal— whether the bankruptcy court properly determined that § 502(b)(7) capped the Former Officers’ allowed severance claims at zero-—will be moot.[2] Judicial efficiency would not be served by asserting our appellate jurisdiction under these circumstances.
We have explained the third policy, preserving the bankruptcy court’s role as fact-finder, as follows:
[I]f the BAP remands for factual development and we take jurisdiction before that process is concluded, we interfere with the bankruptcy court’s fact-finding role. Moreover, we are likely to be faced with an inadequate factual record, making it difficult to identify the controlling legal issues and we may be required to do exactly what the BAP did, i.e., remand for factual development.
Stanton, 766 F.2d at 1287 (citation omitted). In this case, the bankruptcy court made no explicit factual findings. Rather, after holding a non-evidentiary hearing, the bankruptcy court held that as a matter of law the Former Officers’ draws under their letters of credit reduced their allowed claims to zero. The third policy therefore weighs against asserting jurisdiction.
Neither party is threatened with irreparable harm if this court declines jurisdiction. See Bonner Mall Partnership v. U.S. Bancorp Mortgage Co. (In re Bonner Mall Partnership), 2 F.3d 899, 904, n. 12 (9th Cir.1993) (noting that “impact on litigation strategy and necessity of further litigation are not irreparable harms”) (citing Elliot v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1363 (9th Cir.1992)). Hence, all four of the relevant policy considerations weigh against asserting jurisdiction in this case.
The Appellants argue that resolution of the legal issues raised by this appeal “would materially aid the bankruptcy court in reaching its disposition on remand.” Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1038 (9th Cir.2000). We disagree.
DISMISSED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Following the Debtors’ objections to their claims, the Former Officers sought to withdraw their cash severance claims on the premise that the issuance of the letters of credit satisfied these claims in full. Appellants, by contrast, argue that the letters of credit secured, rather than discharged, Condor’s cash severance obligations to the Former Officers. Because we dismiss on jurisdictional grounds, we decline to resolve this dispute.

. We recognize that Mr. Young, in seeking to withdraw his claim for severance pay, retained his claims for unpaid health benefits and unpaid life insurance premiums. These remaining claims are subject to the § 502(b)(7) cap, but the Debtors’ objections to these particular claims did not rely exclusively on § 502(b)(7). Since the bankruptcy court never ruled on these alternative objections, asserting jurisdiction at this stage would be premature.