In re: Peter Thomas MCCARTHY, Debtor.

Peter Thomas McCarthy, Appellant,

v.

Amy Goldman; Chris Sommers; Nature's Wing Fin Design, LLC Nicholas Jenkins, Appellees.

In re: Peter Thomas McCarthy, Debtor.

Peter Thomas McCarthy, Appellant,

v.

Amy L. Goldman, Chapter 7 Trustee; Nature's Wing Fin Design LLC; Nicholas Jenkins, Appellees.

Nos. 07–55501, 08–60005.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 16, 2009.*

Filed March 20, 2009.

Peter Thomas McCarthy, Oxnard, CA, pro se.

Brad Krasnoff, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Randy Orlik, Esq., Cox Castle & Nicholson, LLP, Rebecca L. Calkins, Esq., Thelen Reid Brown Raysman & Steiner, LLP, Los Angeles, CA, for Appellees.

Before: KOZINSKI, Chief Judge, TROTT and FISHER, Circuit Judges.

MEMORANDUM **

Peter T. McCarthy appeals pro se from the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's order rejecting his claimed exemptions in patents and other property and its pre-filing order prohibiting further amendments of his claimed exemptions without prior court approval, as well as the BAP's denial of his motion to stay the bankruptcy court's decision. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

None of the sections McCarthy cites support his claim that the patents are exempt. California Code of Civil Procedure 704.210 does not apply because patents are subject to enforcement of a money judgment. *See Zanetti v. Zanetti,* 77 Cal. App.2d 553, 560, 175 P.2d 603 (1947). The patents are not exempt from enforcement under § 703.030, even if they are exempt from attachment under § 487.020. Also, the BAP correctly held that McCarthy's reliance on § 487.020 to exempt support

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

payments from his ownership interest in his companies, thereby incorporating pre-judgment remedies from attachment into the post-judgment scheme for bankruptcy exemptions, would "make the statutory scheme meaningless." We also agree with the BAP that McCarthy failed to support his claim that his appeal rights were not part of the estate, and note that the bankruptcy court nonetheless prohibited the trustee from selling the appeal rights. Thus, McCarthy cannot demonstrate prejudice. The bankruptcy court was thus correct to reject his amended Schedule C.

The bankruptcy court did not abuse its discretion in issuing the pre-filing review order. It provided McCarthy with notice and opportunity to oppose the order, created an adequate record, made a substantive finding of frivolousness and narrowly tailored its order to address McCarthy's repeated filings. *See De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990).

The BAP's denial of a stay of the sale order seriously affected McCarthy's substantive rights and could cause him irreparable harm, so we have jurisdiction over the denial. *See In re Teleport Oil Co.,* 759 F.2d 1376, 1377 (9th Cir.1985), *overruled on other grounds by Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).; *see also In re Allen,* 896 F.2d 416, 418 (9th Cir.1990); *In re Stanton,* 766 F.2d 1283, 1285 (9th Cir.1985). We conclude, however, that the BAP's subsequent decision reversing the bankruptcy court's sale order mooted McCarthy's appeal of the BAP's decision denying stay of the sale order. We will not, therefore, address the merits of the BAP's denial of stay.

**AFFIRMED.**