**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CONTINENTAL COIN CORPORATION, | No. 09-56507 |
| Debtor. | D.C. No. 2:08-cv-00093-PA |
| | |
| NANCY HOFFMEIER ZAMORA, Chapter 11 Trustee, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ROGER VIRTUE, | |
| Appellee. | |

| | |
|---|---|
| In re: CONTINENTAL COIN CORPORATION, | No. 09-56532 |
| Debtor. | D.C. No. 2:08-cv-00093-PA |
| | |
| ROGER VIRTUE, | |
| Cross - Appellant, | |

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

NANCY HOFFMEIER ZAMORA,
Chapter 11 Trustee,

Cross - Appellee.

Appeals from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 15, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and GRABER, Circuit Judges.

The parties separately appeal the district court's affirmance of two orders of the bankruptcy court pursuant to 28 U.S.C. § 158(d). Specifically, Appellant contests the bankruptcy court's order allowing an amended adversary complaint to be filed in this matter. Cross-Appellant contests the bankruptcy court's order barring certain claims from the amended complaint, denying his request for appointment of counsel under 11 U.S.C. § 327(a), and staying the adversary action pending appeal without requiring a bond.

After an initial review of the matter, we issued an order to show cause why these appeals should not be dismissed for lack of appellate jurisdiction, and both parties filed responses. We review de novo our own jurisdiction and whether a bankruptcy court's decisions are final under 28 U.S.C. § 158(d). *Silver Sage Partners,*

*Ltd. v. City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 339 F.3d 782, 787 (9th Cir. 2003). We now dismiss for lack of appellate jurisdiction.

Under 28 U.S.C. § 158(d)(1), circuit courts have jurisdiction over appeals from "all final decisions, judgments, orders, and decrees" entered by a district court on appeal from a bankruptcy court.[1] *See Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1171 (9th Cir. 2003); *see also Ryther v. Lumber Products, Inc. (In re Ryther)*, 799 F.2d 1412, 1414 (9th Cir. 1986) ("If the order of a bankruptcy court is interlocutory, we have no jurisdiction to hear an appeal from the judgment of the district court.") (citing *King v. Stanton (In re Stanton)*, 766 F.2d 1283, 1285 & n.5 (9th Cir. 1985) (order). Even under the flexible approach to finality previously applied to bankruptcy court decisions in this circuit,[2] we lack jurisdiction under § 158(d)(1) because there is no final, conclusive decision at issue here, merely interim ones. *See Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Vill. Resort, Ltd.)*, 81 F.3d 103, 106 (9th Cir. 1996); *In re Stanton*, 766 F.2d at 1285–86.

---

[1]In response to our order to show cause, Appellee mistakenly relies upon decisions from the Bankruptcy Appellate Panel and district courts, whose jurisdiction is broader than our own. *See* 28 U.S.C. § 158(a), (b).

[2]We take no position as to the ongoing validity of this flexible approach to finality under § 158(d)(1). *See Congrejo Invs., LLC v. Mann (In re Bender)*, 586 F.3d 1159, 1163–64 (9th Cir. 2009).

Creditor Roger Virtue still has leave to file an amended complaint subject to the restrictions imposed by the bankruptcy court, and any legal errors affecting the parties' claims can be appealed after the conclusion of the adversary proceeding. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (dismissal of a complaint with leave to amend is not a final, appealable order). Further, the collateral order doctrine does not apply here because no final decision has been made regarding the Chapter 11 Trustee's claim to immunity from Virtue's potential amended claims. *See Mueller v. Auker*, 576 F.3d 979, 987 (9th Cir. 2009); *cf. Curry v. Castillo (In Re Castillo)*, 297 F.3d 940, 946 (9th Cir. 2002) (holding that a bankruptcy court order denying a trustee's claim to immunity was final and appealable under the collateral order doctrine). Indeed, we are in no position to rule on the potential scope of the Trustee's quasi-judicial immunity because it is wholly unclear on the present record what specific acts are still at issue. *See In Re Castillo*, 297 F.3d at 951 (noting that a determination of quasi-judicial immunity for a bankruptcy trustee requires the examination of "the particular function" at issue).

**APPEALS DISMISSED.**