UNITED STATES of America, Defendant-Appellant,

v.

Dagmar S. COOKE, Plaintiff-Appellee.

UNITED STATES of America, Defendant-Appellant,

v.

Philip E. SPALDING, Plaintiff-Appellee.

UNITED STATES of America, Defendant-Appellant,

v.

Sophie Judd COOKE, Plaintiff-Appellee.

UNITED STATES of America, Defendant-Appellant,

v.

Muriel Howatt COOKE, Plaintiff-Appellee.

Nos. 14339–14342.

United States Court of Appeals Ninth Circuit.

Aug. 27, 1954.

Gen., A. William Barlow, Honolulu, Hawaii, for appellant.

Anderson, Wrenn & Jenks, Marshall M. Goodsill, Jr., Heaton L. Wrenn, Honolulu, Hawaii, for appellees.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Appellees move to dismiss the appeals from their judgments in which they sustained their burdens of proof of their complaints for money damages for the entire amount of their claims for overpayments of their federal income taxes and interest thereon. The ground of their motions to dismiss is that the notices of appeal were filed on February 1, 1954, 91 days after what they claim is the entry of their judgments.

The entries relative to the judgments were made, one on November 2, 1953, and a second *on January 25, 1954.* It is not questioned that the second entry is a proper one to start the running of the time for the appeals and that, if it is the first valid entry, the appeals are well taken. The sole question here is whether the entry of November 2, 1953, satisfies the requirements of Rules 58 and 79(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. They provide, so far as pertinent:

Rule 58.

"When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. *The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment;* and the judgment is not effective before such entry." (Emphasis supplied.)

H. Brian Holland, Asst. Atty. Gen., Abbott M. Sellers, Sp. Asst. to Atty.

Rule 79(a).

"All * * * judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but *shall show* * * * *the substance of each order or judgment* of the court * * *. The notation of an order or judgment shall show the date the notation is made." (Emphasis supplied.)

■ The decision in these cases provided that judgment should enter "as prayed for in the complaint." Since the complaint sought only sums certain for overpayments of taxes plus interest and costs, this is clearly a direction that the plaintiffs below "recover only money or costs" within the meaning of Rule 58. Thus, if the clerk's entry showed the "substance" of the judgment, it was entered on November 2, 1953, and the notices of appeal were not timely filed.

The November 2nd entry reads as follows:

"Filing decision (McLaughlin—Favor Plaintiff)"

■ Since the complaints require proof of the amount of the payments, and for their interest amounts the dates of the payments to the tax agents, the recoveries well could have been for less than the amounts claimed. We think that the bare statements of the names of the successful litigants without stating the amounts of their respective recoveries do not constitute a showing of the "substance" of the judgments. The fact that an examination of the government's answers would show admissions that the sums claimed in the complaints were in fact paid does not give the *entries* the *substance* of those amounts. Cf. Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 182 F.2d 146, 148. If the nature of the judgment entries is to be determined only after an examination of the issues presented by the parties' respective pleadings, there would be no necessity for Rule 79(a) providing that entry must show the substance of the judgment.

■ The case is different from the cases holding valid an entry that the judgment was in favor of the defendant. There it is apparent from the entry that the plaintiffs were denied any relief and the substance of the judgment is shown. Porter, Administrator v. Borden's Dairy Delivery Co., 9 Cir., 156 F.2d 798, 799; Woods v. Nicholas, 10 Cir., 163 F.2d 615, 616. Nor is the situation like the cases where the entries show the amounts of the plaintiffs' recoveries as in Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, 621 and Steccone v. Morse-Starrett Products Co., 9 Cir., 191 F.2d 197, 200. Nor is it like United States v. Wissahickon Tool Works, 2 Cir., 200 F.2d 936, at page 938, where the court stated:

"* * * No more explicit mandate for a plaintiff's judgment than that granting a summary judgment in the amount claimed can be conceived; and notation of the grant in the civil docket on that date became the judgment under the provisions of F.R. 58. * * *"

Since the entries of November 2, 1953, are invalid as not stating the substance of the judgments and the appeals were noticed within time from later valid entries, the motions to dismiss are denied.