241 F.2d 208
 16 Alaska 675
 Woodrow W. REYNOLDS, on behalf of himself and all other
taxpayers similarly situated, Appellant,
v.
Hugh WADE, as Treasurer of the Territory of Alaska, John
McKinney, as Director of Finance of the Territory of Alaska,
Don M. Dafoe as Commissioner of Education of Alaska and A.
H. Ziegler, William Whitehead, Mrs. James March, Mrs. Myra
Rank and Robert F. Baldwin as Members of the Board of
Education of the Territory of Alaska, Appellees.
 No. 15135.
 United States Court of Appeals Ninth Circuit.
 Feb. 11, 1957.
 
 Howard D. Stabler, Juneau, Alaska, Henry C. Clausen and Richard G. Burns, San Francisco, Cal., for appellant.
 J. Gerald Williams, Atty. Gen., Edward A. Merdes and Henry J. Camarot, Asst. Attys. Gen., Juneau, Alaska, for appellees.
 Before HEALY, CHAMBERS and HAMLEY, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 This is more about when is a judgment a judgment.[1]
 
 
 2
 In this case the district judge filed an opinion on March 26, 1956 . The conclusion of his opinion was that the complaint did not state a cause of action. The ultimate sentence of the opinion was: 'The motion for dismissal is granted and the case dismissed.' That is 'judgment talk,' at least.
 
 
 3
 Then on April 18, 1956, a separate paper called 'Judgment and Decree' was signed and filed by the trial judge. This latter instrument goes beyond the opinion of March 26 and decrees that the 'defendant recover attorney fees in the amount of $250.00.' As to plaintiff's complaint, this purported judgment says: 'It is hereby ordered, adjudged and decreed that the complaint be and it is hereby dismissed for the reasons stated in the court's opinion of March 26, 1956.'
 
 
 4
 Dismissal of a complaint, we have often held, does not constitute a final judgment. The court must take the next step and dismiss the action. We do not repeat the citations here.
 
 
 5
 At oral argument, the question arose as to whether the judgment language in the opinion of March 26 constituted a judgment. This court concluded that it should call for the civil docket entries made by the clerk of the district court. The docket entries have arrived.
 
 The two pertinent entries nakedly say:
 
 6
 'Mar. 26 Opinion filed.
 
 
 7
 'April 23 Judgment filed and entered.'
 
 
 8
 We must now hold that there is no judgment whatsoever yet.
 
 
 9
 Rule 58, Fed.Rules Civ.Proc. 28 U.S.C.A. inter alia, says: '* * * The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. * * *'
 
 
 10
 Rule 79(a) as to the civil docket recites that judgments shall be noted therein and specially says: '* * * These notations shall be brief but shall show * * * the substance of each order or judgment of the court * * *'
 
 
 11
 We do not reach here the question of how poor an entry can be and still be a judgment. A docket entry that doesn't even say who won, surely cannot qualify. The substance of a judgment just is not in this docket. United States v. Cooke, 9 Cir., 215 F.2d 528, is apposite, but the facts here are really more like the situation where the clerk has written nothing.
 
 
 12
 No doubt, in entering the substance of some long judgments, considerable skill is required to keep within the sidelines of 'brief' and 'substance.' 'Substance' is mandatory in the docket. Brevity may be directory. The latter we do not decide. But in this case there was only simple disposition to be made. This never reached the docket.
 
 
 13
 Before closing, returning to the opinion of March 26, it is suggested that trial courts should observe caution to avoid in opinions language which speaks in the present tense and contains words of judgment if the words are not intended to be presently operative or subject to the construction of a direction to enter.
 
 
 14
 Further, we think we should note that the civil docket here shows no compliance with Rule 77(d). If the clerk gave notice to anyone of the entry of the purported judgment, the docket does not show it. However, we have no question for decision involving that point.
 
 
 15
 Inasmuch as no judgment was entered in the trial court, the only jurisdiction this court has is to dismiss the appeal.
 
 
 16
 This, we do.
 
 
 
 [1]
 See Cedar Creek Oil Gas Co. v. Fidelity Gas Co., 9 Cir., 238 F.2d 298