In re Wallace S. LEVINE and
Bella Levine, Debtors.

Wende L. ROSS, Appellant,

v.

Walter T. THOMPSON, Ch. 7 Trustee,
Ayers & Brown, P.C., Appellees.

BAP No. AZ–93–2059.

Bankruptcy No. 91–8911–PHX–RGM.

Adv. No. 93–095.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Decided Jan. 20, 1994.

Jack H. Simon, Mesa, AZ, for appellant.

David A. Damore, Scottsdale, AZ, for appellees.

Before MEYERS, ASHLAND and JONES, Bankruptcy Judges.

## ORDER DENYING MOTION
## TO DISMISS

Appellee Walter T. Thompson, Ch. 7 Trustee, ("Trustee") filed a motion to dismiss this appeal based on an untimely notice of appeal, contending appellant filed the notice of appeal beyond the time limits of Federal Rules of Bankruptcy Procedure 8002 and 9023. The order on appeal denied appellant's motion to reconsider the bankruptcy court's approval of the settlement of a preference action against appellee Ayers & Brown, P.C.

The hearing on the settlement took place on July 19, 1993. The bankruptcy judge took the matter under advisement and later that same day signed an "under advisement ruling" which was entered on July 21. That ruling, according to the bankruptcy docket, indicated that the settlement was ordered approved and that the trustee's counsel was to lodge an order consistent with the ruling.

■ That formal order was entered on August 9. On that same day, Appellant promptly filed a motion for a new trial or to alter/amend the order. The motion for reconsideration [1] was denied and the order was entered on August 27, 1993.

Appellant filed the notice of appeal ten days later on September 7, 1993. The sequence of events at issue, then, taken from the bankruptcy court docket, follows:

Hearing on settlement July 19, 1993

Under advisement ruling aka "Minute Entry Order" entered July 21, 1993

Lodged formal order entered August 9, 1993

Motion: new trial or alter/amend August 9, 1993

Motion denied entered August 27, 1993

Notice of appeal filed Sept. 7, 1993

Appellee Trustee argues that the "minute entry order" is the final order on appeal and since appellant did not file the motion for reconsideration within ten days of July 21, as required by Fed.R.Bankr.P. 8002(b), the ten-day appeal period was not tolled and the notice of appeal was not timely filed. In support of this argument, appellee cites *In re Defender Drug Stores, Inc.*, 127 B.R. 225 (9th Cir. BAP 1991), *In re Slimick*, 928 F.2d 304, 307 (9th Cir.1990) and *United States v. F & M Schaefer Brewing Company*, 356 U.S. 227, 233, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958) for the proposition that an initial order is final if it presents a complete act of adjudication and clearly evidences the trial judge's intent that the order is the court's final act in the matter.

Appellant argues, *inter alia*, that it is the judge's intent that controls whether the minute entry is a final appealable order. Further, appellant claims that the presence of a signed, formal judgment entered August 9 is prima facie evidence that the bankruptcy judge intended the second order to be his final appealable order. Evidence of that intent can be inferred, according to appellant, by the fact that the bankruptcy judge entertained the motion for reconsideration and ruled on its merits rather than simply denying it as untimely filed. The order itself reflects that the judge's ruling was based on appellant's failure to raise the § 547(c)(1) or § 547(c)(2) arguments in her original objection, as required by Fed.R.Bankr.P. 9024.

■ While the minute entry order does contain substantially dispositive language, the Panel finds that the formal written order entered on August 9 is the final appealable order because it fully adjudicated the issues and clearly evidenced the bankruptcy judge's intention that this order was the court's final act in approving the settlement. *In re Slimick*, 928 F.2d 304, 307 (9th Cir.1990); *United States v. F & M Schaefer Brewing Co.*, 356 U.S. 227, 233, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958). Further, the fact that the bankruptcy judge directed the trustee's counsel to "lodge a form of order consistent with the ruling" implies contemplation of the signing and entry of a later, more formal order.

The Ninth Circuit, when confronted with claims of conflicting final orders for the purposes of appeal in *In re Slimick*, reiterated a suggestion from *Reynolds v. Wade*, 16 Alas-

---

1. The Ninth Circuit treats a timely filed motion for reconsideration as a motion to amend a judgment. *In re Crystal Sands Properties*, 84 B.R.

665, 668 n. 3 (9th Cir. BAP 1988); *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019 (9th Cir.1983).

ka 675, 241 F.2d 208 (9th Cir.1957) with which we agree:

[T]rial courts should observe caution to avoid in opinions language which speaks in the present tense and contains words of judgment if the words are not intended to be presently operative or subject to the construction of a direction to enter.

*In re Slimick*, 928 F.2d 304, 308 (9th Cir. 1990), quoting *Reynolds* 241 F.2d at 210.

Therefore, it is hereby ORDERED that appellee's motion to dismiss is DENIED.

Appellee Trustee's motion for extension of time to file his opening brief is hereby ORDERED GRANTED. The new due date for the brief is FIFTEEN (15) DAYS from the file-stamped date of this order.