28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
Henry Eldon STRICKER; Karen Lynn Stricker, Defendants,
and
Saul Irving Brooks, aka Edward C. Watson, aka Charles
Trobut, aka Martin A. Carter, aka Wayne Bruce, aka
David Williams; Agusta Brooks,
Defendants-Appellants.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
Henry Eldon STRICKER, aka Keith Brighton, aka Charlie Drier,
and d/b/a Circle S Investments, Metropolitan Management &
Development Co., R.B.S. Industries, Cheinco Products,
Metacom and PMS Co.; Karen Lynn Stricker, aka Carol Dixon,
aka Ellen C. Warson, and d/b/a/ Circle S Investments,
Metropolitan Management & Development Co., R.B.S.
Industries, Chenico Products, Metacom and PMS Co.; Jeanette
Deutsch, Defendants-Appellants.
 Nos. 93-55045, 93-55812.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided May 23, 1994.
 
 1
 Before: BROWNING, and FLETCHER, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 A.
 
 3
 The Brooks' motion to modify the consent judgment was untimely. Fed.R.Civ.P. 60(b) (requiring party to file motion to modify a judgment for reasons relating to fraud, mistake, or neglect within "one year after the judgment ... was entered or taken"). The district court was not required to enter a document separate from the consent judgment under Rule 58. The consent judgment is entitled a judgment, and it states "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED." It is thus unlike the document at issue in Carter v. Beverly Hills Sav. and Loan Ass'n, 884 F.2d 1186 (9th Cir.1989), which merely recorded the minutes of the district court.
 
 
 4
 The court clerk's docket entry satisfies Rule 79(a). It identifies the nature of the judgment, the parties against whom the judgment was issued, and the date the judgment was entered. While "[a] docket entry that doesn't even say who won ... cannot qualify," Reynolds v. Wade, 241 F.2d 208, 210 (9th Cir.1957), a consent judgment does not have winners and losers, but consenting parties; the clerk recorded the "substance" of the consent judgment by identifying the parties who entered it. The Ninth Circuit has held that similar docket entries satisfy Rule 79(a).[1] See, e.g., In re Great Western Ranches, Inc., 511 F.2d 1021, 1024 n. 5 (9th Cir.1975).
 
 B.
 
 5
 The district court did not abuse its discretion when it denied the Brooks' motion for reconsideration. Their Rule 60(b) motion was untimely. Levinson declaration did not change this.
 
 II.
 
 6
 The Strickers and Ms. Deutsch failed to timely appeal the district court's order denying their Rule 60(b) motion. In reviewing the district court's order denying their motion for reconsideration, we may not review the merits of the Rule 60(b) motion. Straw v. Bowen, 866 F.2d 1167, 1171 (9th Cir.1989) ("[T]he propriety of the original order is not before us...."); Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986) ("[T]he order is appealable but reviewable only for abuse of discretion in denying the motion for reconsideration--not for error in the underlying judgment.").
 
 
 7
 The district court did not abuse its discretion when it denied the motion for reconsideration. The district court stated in its order denying the Rule 60(b) motion that the court had reviewed all the papers. The district court is in the best position to determine if it reviewed the declarations filed with the reply brief before ruling. Moreover, the declarations filed with the reply brief added nothing to the declarations filed with the opening brief; they merely "reaffirmed" the previous declarations. The declarations therefore provided an insufficient basis for a motion for reconsideration. See C.D.Cal.R. 7.16 (allowing motion for reconsideration where party shows "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision").
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address either the FTC's arguments regarding waiver or the merits of the Brooks' motion to modify the consent judgment