82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In the Matter of B.C. ENTERPRISES, LTD., Debtor.
VALLEY NATIONAL BANK, Appellant,
v.
B.C. ENTERPRISES, LIMITED; Ray Biddle and Dorothy Biddle, Appellees.
 No. 94-16027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1996.*
Decided April 10, 1996.
 
 1
 Before: BOOCHEVER and FERNANDEZ, Circuit Judges, and KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Valley National Bank ("VNB" or "Bank") appeals from a district court order affirming a bankruptcy court's order denying VNB's motion to reconsider the bankruptcy court's disallowance of a claim and awarding fees, in an amount to be determined, against VNB.
 
 
 4
 We conclude that we lack jurisdiction over VNB's appeal from the district court's order affirming the bankruptcy court's decision. Accordingly, we do not reach the merits of VNB's challenge to the bankruptcy court's disallowance of VNB's claim. We also have no jurisdiction over VNB's appeal from the district court's award of sanctions where the amount of sanctions had not yet been determined. Lastly, we decline to impose sanctions for the filing of the instant appeal.
 
 BACKGROUND
 
 5
 BC Enterprises ("BC") filed for bankruptcy on October 24, 1986. As a creditor of BC, VNB filed a proof of claim. BC and the individual debtors, Ray H. Biddle and Dorothy L. Biddle, objected to this claim. The bankruptcy court disallowed VNB's claim against BC and directed BC to file an order to that effect.
 
 
 6
 VNB filed a motion to reconsider after the bankruptcy judge's ruling from the bench and after the minute entry to that effect, but before the entry and approval by the bankruptcy court of the final order disallowing the claim.
 
 
 7
 Due to this chronology, the bankruptcy court denied the motion to reconsider its disallowing of the claim before it even approved the form of the final order disallowing the claim. VNB separately appealed the denial of reconsideration and also the final order, in that order.
 
 
 8
 The appeal before us today originates from the bankruptcy judge's denial of reconsideration of his ruling from the bench. VNB appeals the district court's memorandum of decision and order finding no abuse of discretion on the part of the bankruptcy court, finding that VNB brought a frivolous appeal, and also awarding fees against VNB. After issuing the above order, the district court denied BC's fee application pending this appeal.
 
 
 9
 VNB's second appeal, from the bankruptcy's formal order disallowing VNB's proof of claim, is pending before Judge Rosenblatt in the United States District Court for the District of Arizona. See Valley Nat'l Bank v. B.C. Enter., No. CIV 93-1905-PHX-PGR (D.Ariz.). Both parties have briefed the substantive issues pertinent to the denial of the claim in that appeal. In the appeal before us today, BC has not briefed the substantive issues, addressing its arguments only to the narrow issue of the bankruptcy court's discretion to reconsider its disallowing of a claim and to the frivolous appeal issue.
 
 
 10
 Both parties have requested previously that all of these appeals be consolidated. (There is a third appeal regarding BC's application for attorneys' fees). The district court denied this request.
 
 
 11
 In the present appeal, the Bank argues: "... [this appeal] has unavoidably fallen into a jurisdictional morass. The bankruptcy court entered two orders, either one of which could be construed as the "final" order on the merits disallowing the Bank's bankruptcy claim." Thus, the Bank urges, it had to appeal the bankruptcy court's denial of the motion for reconsideration to ensure that the Bank would preserve its right to appeal from the bankruptcy court's disallowance of the claim.
 
 DISCUSSION
 
 12
 I. DISTRICT COURT'S ORDER AFFIRMING DENIAL OF RECONSIDERATION
 
 
 13
 A. APPELLATE JURISDICTION FINALITY REQUIREMENT
 
 
 14
 Section 158(d) of Title 28 grants courts of appeals jurisdiction to hear appeals "from all final decisions, judgments, orders, and decrees" entered by a district court or the Bankruptcy Appellate Panel ("BAP") on appeal from a bankruptcy court pursuant to 28 U.S.C. §§ 158(a) and (b).[2]
 
 
 15
 Section 158(a) provides that district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. District courts may also permit appeals from interlocutory orders and decrees. An order entered by the district court on appeal from an interlocutory bankruptcy court order, however, is not a final order pursuant to 28 U.S.C. § 158(d). Connecticut Nat'l Bank v. Germain, 112 S.Ct. 1146, 1148-49, 117 L.Ed.2d 391 (1992).[3] We examine appellate jurisdiction in the bankruptcy context on two levels. We first determine whether the order of the bankruptcy court was final, and second whether the decision of the intermediate appellate tribunal was final.[4] Stanton, 766 F.2d 1283, 1285. If the bankruptcy court issues what is "indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order." Id. (citing to In re Marin Motor Oil, Inc., 689 F.2d 445, 449 (3d Cir.1982), cert. denied, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440, (1983).
 
 
 16
 We apply a "pragmatic approach" to decide whether the bankruptcy court's order is final. Stanton, 766 F.2d 1283, 1285 (citing to In re Mason, 709 F.2d 1313, 1318 (9th Cir.1983)). This "pragmatic" or "flexible" approach "focuses on whether the decision appealed from 'effectively determined the outcome of the case'," In re Frontier Properties, Inc., 979 F.2d 1358, 1363 (9th Cir.1983). A bankruptcy order is final when it (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed, Id., or conclusively determines a controversy. In re Teleport Oil Co., 759 F.2d 1376, 1377 (9th Cir.1985). Thus, an order is final if it leaves nothing to be resolved between the parties and ends the adversary proceedings. Stanton, 766 F.2d 1283, 1286.
 
 
 17
 Even under this "pragmatic" or "flexible" approach, if further proceedings in bankruptcy court will affect the scope of the order, the order is not subject to appellate review. In re 405 North Bedford Drive Corp., 778 F.2d 1374, 1377 (9th Cir.1985).
 
 
 18
 Our approach is in addition to the "traditional" analysis of finality. Frontier, 979 F.2d at 1363. The traditional test asks whether the litigation is over on the merits and leaves nothing for the court to do but execute the judgment. Id. at 1362 (citation omitted). Both the "pragmatic" and "traditional" approaches serve the purpose of ensuring that the case does not make two trips through the appellate process. Id. at 1363.
 
 B. CHARACTERISTICS OF A FINAL ORDER
 
 19
 As discussed above, the finality and thus appealability of the district court's order turns on the finality of the underlying order of the bankruptcy court. Because the Bank sought reconsideration of a minute order, the finality of the minute entry is also relevant in determining the finality of the bankruptcy court's order denying reconsideration of that minute entry.
 
 
 20
 We have held in In re Slimick, 928 F.2d 304, 307 (9th Cir.1990), that if, after filing a final disposition, a court files a more formal judgement, the latter does not necessarily constitute a second final disposition or extend the appeal period. In Slimick, however, the initial order pronounced the court's final order rather than serving as a temporary minute order.
 
 
 21
 Our decision in Slimick illustrates the criteria for determining finality for purposes of appeal when a court files two documents which both arguably pronounce the court's final order.
 
 We stated:
 
 22
 The Order in the present case constituted a complete act of adjudication. The decision it expressed, sustaining trustee's objections to the debtors' amended exemption claim, finally resolved all issues regarding the claimed exemption. It is irrelevant that the Order, unlike the later Judgment, did not expressly deny the debtors' amended exemption claim; the grant of the objection obviously and necessarily constituted such denial.
 
 
 23
 Slimick, 928 F.2d at 307.
 
 
 24
 In Slimick, we found evidence of the judge's intent that the order be final in the judge's and parties' conduct. Id. at 308. Moreover, the order contained language typical of a final disposition and sustained the objection in language that was immediately operative. The order stated: "IT IS THEREFORE ORDERED that the objection ... is hereby sustained." Id. at 309.
 
 
 25
 We distinguished Slimick from cases where we have held that an order granting a motion to dismiss but not explicitly dismissing the case was not final. We explained that the granting of a motion to dismiss may still leave outstanding claims and so does not necessarily dispose of the entire case. Id. at 307.
 
 
 26
 Our bankruptcy appellate panels have considered the finality for appeals purposes of minute orders. See In re Levine, 162 B.R. 858 (Bankr. 9th Cir.1994), wherein a bankruptcy appellate panel construed the bankruptcy court's formal written order, rather than the minute entry order, which contained substantially dispositive language, as the final appealable order for purposes of calculating the time of appeal. See In re Cahn, 188 B.R. 627 (Bankr. 9th Cir.1995) (citation omitted), which stated that "[e]ven a minute entry order can be a final, appealable order 'if it fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act'."
 
 
 27
 In Levine, the appellant filed a motion for reconsideration after the entry of a final order. A minute order had previously been entered. After the motion for reconsideration of the final order was denied, appellant filed an appeal. The bankruptcy panel reasoned that the formal written order fully adjudicated the issues and clearly indicated the judge's intention that the order was the final act in the controversy. They wrote: "the fact that the bankruptcy judge directed counsel to 'lodge a form of order consistent with the ruling' implies contemplation of the signing and entry of a later, more formal order." Id. at 859.
 
 
 28
 Some authority from outside of this circuit supports the proposition that a denial of a motion to reconsider may be construed as the final, appealable order as to the substantive merits.[5]
 
 
 29
 In In re Grabill Corp., 983 F.2d 773, 775 (7th Cir.1993), the Seventh Circuit held that a notice of appeal attacking the denial of a motion for reconsideration included an appeal of the original judgment. In Grabill, the motion for reconsideration was filed after the definitive final order had been entered.[6] Thus, the original appeal from the final order was knocked out by the pending motion to reconsider. When the motion to reconsider was denied, the party appealed that denial as well as the underlying order. A result contrary to the one reached by the Seventh Circuit would deprive the party of the ability to ever appeal the substantive order.
 
 C. THE BANKRUPTCY COURT'S THREE ORDERS
 
 30
 On March 22, 1993, after hearing closing oral argument regarding BC's objection to VNB's claim, the bankruptcy court sustained BC's objection. The reporter's transcript records this ruling from the bench: "I believe that I should sustain the debtor's objection to the Valley Bank claim. And I'll do so. I'll direct the debtor to draft a short order reflecting my sustaining the objection, direct counsel to serve a copy on bank counsel, lodge original with me for signature." The minute entry, filed on that same date, describes the ruling: "It is ordered sustaining the debtor's objection to Valley Bank Claim. Mr. Williams is to do an appropriate form of order, with a copy served on Mr. Rawles."
 
 
 31
 On April 14, 1993, VNB filed a motion for reconsideration of the court's ruling disallowing VNB's claim under 11 U.S.C. § 502(j) and Bankruptcy Rule 3008.
 
 
 32
 BC lodged a form of order on April 26, 1993.
 
 
 33
 On April 28, 1993, VNB objected to this form of order.
 
 
 34
 On July 1, 1993, the court signed an order only denying reconsideration of the court's order sustaining the debtor's objection to the Bank's claim. This order did not explicitly disallow the claim. This order was entered on July 7, 1993.[7]
 
 
 35
 On July 15, 1993, the Bank filed a notice of appeal ("First Appeal") from the above order denying reconsideration. The Bank's notice of appeal indicated that the Bank appealed from an order entered on July 7, 1993.
 
 
 36
 On September 10, 1993, the bankruptcy court signed a formal order sustaining BC's objection to the Bank's claim and disposing of the Bank's objections to the form of the order. The order was entered on September 13, 1993.
 
 
 37
 On September 17, 1993, the Bank filed a notice of appeal ("Second Appeal") from the September 10, 1993 order, addressed to the merits of the order--the disallowance of the proof of claim. Both parties have briefed this appeal and it is currently pending before a district court.[8]
 
 
 38
 On May 5, 1994, Judge McNamee issued a memorandum decision and order affirming the bankruptcy court's denial of the Bank's motion for reconsideration. The judge considered the sole issue on appeal to be the denial of the motion to reconsider, not the substantive issues briefed by both parties. The judge noted that VNB's counsel agreed in this opening brief that "an appeal on the merits was not ripe because the bankruptcy court 'had not yet signed an order sustaining the objection to Valley's proof of claim.' " Judge McNamee found no abuse of discretion on the part of the bankruptcy court.
 
 
 39
 We find that neither the minute order nor the order denying the Bank's motion to reconsider constituted a final order for appeals purposes. Neither order explicitly disallowed the Bank's claim and neither conclusively disposed of all issues related to the disallowance. At each of the above stages, the bankruptcy court still had to dispose of the Bank's objections to the form of order. Therefore, it appears that neither the minute order nor the order denying reconsideration was the court's final act in the matter of the disallowance of the claim. Moreover, everyone involved anticipated the future lodging of the substantive order. We conclude that the final form of order lodged and signed by the bankruptcy court on September 10, 1993 is the final order for appeals purposes.
 
 
 40
 Although the district court made no explicit finding regarding finality, we find that the bankruptcy court order denying the motion for reconsideration was an interlocutory order when it was considered by the district court. Accordingly, the district court's order upon that bankruptcy order is also an interlocutory order. We conclude that an appeal to this Court does not lie from such an order.
 
 
 41
 We reiterate again the view previously expressed by courts of this circuit that bankruptcy judges should be especially careful in the language used in their orders. Precision is necessary for the very reasons that this appeal has become such a procedural morass. See Levine, 162 B.R. at 860 (citation omitted) ("[T]rial courts should observe caution to avoid in opinions language which speaks in the present tense and contains words of judgment if the words are not intended to be presently operative or subject to the construction of a direction to enter.")
 
 
 42
 Our decision today does not at all foreclose the Bank's right to appeal. The Bank timely appealed from the bankruptcy court's final order disallowing the claim and so may properly contest the substantive merits of the disallowance in another forum.
 
 
 43
 Because we hold that we do not have jurisdiction over the Bank's appeal of the district court's affirming of the bankruptcy court's denial to reconsider, we do not reach the issue whether the bankruptcy court abused its discretion in denying the claim.
 
 
 44
 II. DISTRICT COURT'S FINDING OF FRIVOLOUS APPEAL AND AWARD OF ATTORNEYS' FEES
 
 
 45
 The district court initially awarded fees and costs against the Bank under Federal Rules of Appellate Procedure Rule 38. This Rule provides that "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Although the court initially ruled that the Bank's appeal was frivolous and VNB would pay BC's reasonable attorneys' fees and costs, the court later denied the fee application with leave to refile after this Court's review.
 
 
 46
 We have held that the grant or denial of interim attorney's fees pursuant to a federal statute is not an appealable final order under 28 U.S.C. § 1291. See In re Yermakov, 718 F.2d 1465 (9th Cir.1983). We have also noted that an order where the district court explicitly provided for revision of the fee amount at the conclusion of the litigation, did not dispose of the issue of attorneys' fees and therefore was not a final appealable order. See Rosenfeld v. U.S., 859 F.2d 717 (9th Cir.1988).
 
 
 47
 Similarly, we find today that the frivolous appeal issue does not arise in the form of a final order which may be properly reviewed by this Court. Accordingly, we have no jurisdiction to decide that issue.
 
 CONCLUSION
 
 48
 We lack jurisdiction over the appeal from the district court's decision on the denial of the motion to reconsider the bankruptcy court's minute order, which was itself non-appealable. We also lack jurisdiction over the district court's order regarding attorneys' fees, where the amount of fees awarded has not yet been fixed.
 
 
 49
 We have the authority to award damages, including attorneys' fees and costs under Fed.R.App.P. 38 and 28 U.S.C. § 1912, as a sanction against an appellant for bringing a frivolous appeal. McConnell v. Critchlow, 661 F.2d 116 (9th Cir.1981). Nevertheless, we decline to impose sanctions.
 
 
 50
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L.No. 98-353, § 104(a), 98 Stat. 333, 341, replaced former Section 1293(b) of Title 28 with new section 158(d). The Amendments took effect on July 10, 1984 and apply to all cases pending as of that date. This Court's decisions regarding finality under former section 1293 apply in cases arising under new section 158. In re Stanton, 766 F.2d 1283, 1285 (9th Cir.1985) (citation omitted)
 
 
 [3]
 An interlocutory order from the District Court sitting as a Court of Appeals in Bankruptcy may be appealed to the Court of Appeals under certain circumstances pursuant to 28 U.S.C. § 1292. Connecticut Nat'l Bank, 112 S.Ct. at 1148. This exception does not apply in this appeal because the District Court did not state in writing "that [its] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1291(b)
 
 
 [4]
 The intermediate tribunal may be the Bankruptcy Appellate Panel or a district court
 
 
 [5]
 The Bank must argue this in anticipation of our concluding that today's appeal is the Bank's only opportunity to contest the merits of the disallowance
 
 
 [6]
 This situation differs from that presented to us today. VNB filed its motion for reconsideration after the minute entry but before the formal order
 
 
 [7]
 These facts suggest an analogy to a case where a court issues an order granting a motion to dismiss the case but does not explicitly dismiss the case
 
 
 [8]
 BC also filed a separate appeal ("Debtor's Appeal") from the bankruptcy court's denial of BC's application for an award of attorneys' fees incurred in the claim litigation
 On December 29, 1993, the parties filed a stipulation to transfer and consolidate both of the Bank's appeals and to transfer the Debtor's Appeal to the same district court judge, Judge McNamee. Judge McNamee, from whose order this appeal lies, denied the stipulation. Judge McNamee decided:
 The three appeals should not be consolidated because they do not involve common issues. The first appeal concerns a very narrow issue--whether the bankruptcy court properly denied a motion for reconsideration. The second appeal involves the substantive issue of whether a claim is viable. The third appeal pertains to the Debtor's application for attorneys' fees.